Andres Javier Sanchez
Reg. No. 72403-079
F.C.I. Beckley
P.O. Box 350
Beaver, WV 25813



FILED

JUN - 4 2007

TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
BECKLEY DIVISION

ANDRES JAVIER SANCHEZ,          )
        PLAINTIFF,              )
                                )
        v.                      )     CASE NO. _5:07-0355_
                                )
CHARLES T. FELTS (WARDEN),      )
KEVIN THOMPSON, DOMINIC McLAIN, )
ROGER EDWARDS, K.M. WHITE,      )     JURY TRIAL DEMANDED PURSUANT
HARRELL WATTS,                  )     TO THE SEVENTH AMENDMENT
        DEFENDANTS.             )     TO THE U.S. CONSTITUTION


## COMPLAINT

### Preliminary Statement

        This is a civil rights action filed by Andres Javier Sanchez,
a federal prisoner, for damages and injunctive relief under
28 U.S.C. §1331, alleging the denial of medical care in violation
of the Eighth Amendment to the United States Constitution.
The Plaintiff also alleges a tort for negligence and deliberate
indifference.

### Jurisdiction

1.    This Court has jurisdiction over the Plaintiffs' claims
of the violation of his constitutional rights under 28 U.S.C.

§1331. The Federal Tort Claims Act is subject to West Virginia's Medical Professional Liability Act (MLPA) W.VA.CODE §55-7B-2(f) & (g).

## Parties

3.   The Plaintiff, Andres Javier Sanchez, was transferred to F.C.I. Beckley ("Beckley"), in order to receive medical treatment and surgery described in this complaint.

4.   Defendant Charles T. Felts was Warden of F.C.I. Beckley and was responsible for reviewing the request for administrative remedy and ensuring that inmates in his institution receive proper medical care.  He is sued in his individual and official capacity.

5.   Kevin Thompson is the Medical Administrator at F.C.I. Beckley and is responsible for ensuring the provision of medical care to prisoners and specifically for scheduling medical appointments outside the prison when a prisoner needs specialized treatment or evaluations.  He is sued in his individual and official capacity.

6.   Defendant Dr. Roger Edwards is the doctor who examined the Plaintiff at F.C.I. Beckley and is responsible for providing an adequate amount of care to the Plaintiff since he suffers from serious medical injuries.  He is sued in his individual

2

and official capacity.

8.   Defendant Dr. Dominic McLain is the Cheif doctor at F.C.I.
Beckley's Health Services and is responsible for the proper
treatment of all individuals placed in his care by the central
Office of Medical Designator.  He is sued in his individual
and official capacity.

9.   Defendant K.M. White is the Mid-Atlantic Regional Director.
She reviews all Administrative Remedy Regional Appeals and is
responsible for the oversight of all appeals made from F.C.I.
Beckley.  She is sued in herindividual capacity.

10.   Defendant Harrell Watts is the National Appeals Director
and is responsible for reviewing appeals to the central office
and the oversight of all medically pursued administrative remedy
appeals.  He is sued in his individual capacity.

Facts

11.   On June 29, 2005, the Plaintiff was injured at F.C.I. Three
Rivers, Texas and was rushed to the emergency room of a local
hospital.

12.   While at the hospital, the attending physician advised
the Plaintiff that he would need an orthopedic specialist to

3

examine his knee.

13.  On July 6, 2005, the Plaintiff was evaluated by an
orthopedic specialist who ordered an M.R.I. (Magnetic Resonance
Imaging) and wanted to schedule the Plaintiff for surgery
immediately due to the serious medical injury to his left knee.

14.  F.C.I.-Three Rivers, Texas is a medical care level one
facility and was incapable to house the Plaintiff and provide
adequate medical attention and physical therapy.  Therefore,
L. Bullard, F.C.I.-Three Rivers, Health Administrator changed
the Plaintiff's care level from level one to level two.

15.  The Plaintiff was transferred to F.C.I. Beckley on a
transfer code 339, for knee surgery.  The Plaintiff arrived
at F.C.I. Beckley on January 26, 2007.

16.  The Plaintiff filled out a sick-call form on February 9,
2006 complaining about severe knee pain and PAC, Scotty Rose
requested a consultation from a specialist which was disapproved
by D. McLain, D.O. Clinical Director, F.C.I./F.P.C. Beckley.

17.  On February 22, 2006, the Plaintiff was evaluated by
Defendant, Dr. Roger Edwards, Staff Physician, who states that
"[he] see[s] no reason for MRI."  Defendant Edwards also stated
that the left knee had no swelling or effusion and it would

4

heal by itself.

18. Plaintiff subsequently recovered a copy of his previous
medical records and has learned that several "sick call" sheets,
and other documents have been removed, including, but not limited
to the evaluation by the orthopedic specialist consultant at
F.C.I.-Three Rivers, Texas.

Exhaustion of Administrative Remedy

19. On October 18, 2006, the Plaintiff filed an internal Request
for Administrative Remedy (BP-8½) requesting that he receive
the medical treatment he was transferred for. On October 31,
2006, an informal resolution was not accomplished stating that
Health Services saw no inclination for an M.R.I. at this time.

20. On October 18, 2006, the Plaintiff filed a Request for
Administrative Remedy (BP-9), case no. BEC-432484-F1, requesting
Defendant Felts to perform his duty as Warden and order the
Health Care providers where he was warden to perform the medical
treatment he was transferred for that the institution was denying
him. Defendant Felts denied the Request for Administrative
Remedy on November 16, 2006 in violation of the Eighth Amendment
prohibition on cruel and unusual punishment and was deliberately
indifferent to the Plaintiff's serious medical needs.

21. On November 29, 2006, the Plaintiff filed a Regional

5

Administrative Remedy Appeal, Case No. 432484-R1.  On January
17, Defendant K. M. White denied the Plaintiff's request stating
that the medical plan of care, developed and implemented by
his primary health care provider team was adequate and complete.
In doing so, Defendant White was deliberately indifferent to
the serious medical needs of the Plaintiff, which he was
transferred to F.C.I. Beckley to receive.

22.  On January 24, 2007, the Plaintiff filed an Appeal to the
Central Office Administrative Remedy Appeal Administrator,
Defendant Harrell Watts.  On March 14, 2007, the appeal for
the Plaintiff's Administrative Remedy, Case No. 432484-A1 was
denied by Defendant Watts due to his being deliberately
indifferent to the serious medical needs of the Plaintiff.

Denial of Medical Care

23.  While being consulted by the orthopedic specialist, it
was determined that the Plaintiff was desperately in need of
surgery to correct his serious left knee injury.  An M.R.I.
was needed to be scheduled before surgery was performed in order
to fully display the extent of the knee injury.  Surgery was
the only way the Plaintiff was going to regain full use of his
left knee.

24.  The Plaintiff was transferred to F.C.I. Beckley to receive
the proper medical care.

6

25.   While at F.C.I. Beckley, the Plaintiff has, on numerous occasions complained of his severe pain to his left knee and requested that he receive the medical surgery he was transferred to F.C.I. Beckley for.  He was denied at all times.

26.   The Plaintiff's left knee is severely injured and causes him tremendous pain.  His knee continuously pops out of place and he can barely walk on many occasions.  The Plaintiff also can not turn his knee properly.

27.   On information and belief, if the Plaintiff is not promptly provided with surgery and physical therapy as directed by the orthopedic specialist, he risks permanent disability.

Claims for Relief

28.   The inaction of all of the Defendant's in this case, whether by deliberately not treating his serious medical injury, or by failing to intervene when they are placed in positions to do so for this very reason, were done maliciously and sadistically and constitute cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

29.   The actions of defendant Charles Felts, K. M. White, and Harrell Watts, in refusing to overturn the misguided and blatantly wrong and malicious decisions of not supplying medical

7

treatment to the Plaintiff, constituted deliberate indifference in violation of the Fifth Amendment prohibition against due process.

30.   The failure of defendant's Edwards and McLain to provide the medical treatment the Plaintiff was transferred for, coupled with the physical therapy needed for full recovery constituted the tort of negligence under the law of West Virginia.

Relief Requested

WHEREFORE, the Plaintiff requests that the Court grant the following relief:

A.   Issue a declaratory judgment stating that:

1.   The defendant's Felts, White, and Watts inaction concerning the request for administrative remedy violated the Plaintiff's rights under the Due Process Clause of the Fifth Amendment and constituted deliberate indifference.

2.   Defendant's McLain and Edwards actions in failing to provide adequate medical care for the serious medical injury of the Plaintiff violated, and continue to violate, the Plaintiff's rights under the Eighth Amendment to the United States Constitution.

B.   Issue an injunction ordering defendant's McLain and

8

Edwards, or their agents to:

    1.   Immediately arrange for the Plaintiff to receive an M.R.I. and be prepared for surgery by a medical practitioner with expertise in the treatment and restoration of severe knee injuries.

    2.   Immediately arrange for the Plaintiff to undergo physical therapy or other follow-up treatment to be evaluated by a medical practitioner with expertise in the treatment and restoration of severe knee injuries.

    3.   Carry out without delay the treatment directed by such medical practitioner.

C.  Award compensatory damages in the following amounts:

    1.   $10,000 jointly and severally against defendants Felts, White, and Watts for physical and emotional injury resulting from their denial of due process in connection with their deliberate indifference toward the serious medical injury the Plaintiff suffers from.

    2.   $2,000,000 jointly and severally against defendants McLain and Edwards for the physical and emotional injury resulting from their failure to provide adequate medical care to the Plaintiff and possibly causing irreparable harm to his left knee.

D.  Award punitive damages in the following amounts:

    1.  $20,000 each against defendant's Felts, White, and Watts;

    2.  $50,000 each against defendants McLain, Edwards, and Thompson.

E.  Grant such other relief as it may appear that the Plaintiff is entitled to.

DATE: 5-31-2007

Respectfully submitted,

/s/ _Andres J. Sanchez_

Andres J. Sanchez
Reg. No. 72403-079
F.C.I. Beckley
P.O. Box 350
Beaver, WV 25813



CERTIFIED MAIL

7006 2150 0004 5675 9157

PRIORITY MAIL
UNITED STATES POSTAL SERVICE ™
WWW.USPS.GOV
LABEL 107R, OCT 1997

U.S. POSTAGE
$0.00

Reg. No. 72743-079
Federal Correctional Institution-Beckley
P.O. Box 350
Beaver, WV 25813

Clerk of Court
P.O. Box Drawer 5009
Beckley, WV 25801