```
         IN THE UNITED STATES DISTRICT COURT
      FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                       BECKLEY
```

**ANDRES JAVIER SANCHEZ**

    **Plaintiff,**

v.                                          Case No.  5:07-cv-00355

**CHARLES T. FELTS, Warden**,
**KEVIN THOMPSON, DOMINIC MCLAIN,**
**ROGER EDWARDS, K.M. WHITE, and**
**HARRELL WATTS,**

    **Defendants.**

## PROPOSED FINDINGS AND RECOMMENDATION

Pending before the Court are Plaintiff's Motion for Summary Judgment (docket sheet document # 24) and Defendants' Motion to Dismiss, or in the alternative, Motion for Summary Judgment (# 43). This civil action is assigned to the Honorable Thomas E. Johnston, United States District Judge, and it is referred to the undersigned Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

### Background and Procedural History

On June 4, 2007, Andres Javier Sanchez ("Plaintiff"), acting pro se, filed a Complaint (# 1) alleging a claim of negligence against defendants McLain and Edwards, based upon the denial of adequate medical care. Plaintiff's Complaint also alleges that the

deliberate indifference of all of the defendants to his serious medical need violated his Eighth Amendment rights. Thus, although not specifically stated in the Complaint, the undersigned construes Plaintiff's negligence claim as having been brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2671, et seq, and Plaintiff's constitutional claim as having been brought pursuant to the doctrine announced in Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971), which provides for civil liability of federal officials, in their individual capacities, who violate an individual's constitutional rights. Ruiz Rivera v. Riley, 209 F.3d 24 (1st Cir. 2000). See also Dugan v. Rank, 372 U.S. 609 (1963).

  Plaintiff alleges that, on June 29, 2005, he injured his left knee at the Federal Correctional Institution at Three Rivers, Texas ("FCI-Three Rivers"). (# 1, (Complaint), p. 3.) He claims that he was evaluated by an orthopedic specialist at FCI-Three Rivers who ordered an MRI, and indicated that Plaintiff needed immediate surgery to repair his knee. (Id. at 4.) Plaintiff was changed to a Care Level 2 on July 28, 2005. (# 44, Exhibit 2, (Declaration of Dominick McLain), p. 2, ¶ 7C.) FCI-Three Rivers is a Care Level 1 facility, and was unable to provide Plaintiff with proper medical care. (Id. at ¶ 5.) Thus, Plaintiff was transported on January 26, 2006 to FCI-Beckley, a Care Level 2 facility, for an MRI and knee surgery. (# 1, p. 4.)

After arriving at FCI-Beckley, Plaintiff claims to have filed a sick-call form on February 9, 2006, complaining about severe knee pain.  (Id.)  According to an evaluation by a Physician's Assistant on February 13, 2006, Plaintiff's left knee revealed no swelling and he had full range of motion in the knee.  (# 44, Exhibit 2, p. 2, ¶ 7E.)  The Physician's Assistant requested a consultation from a specialist, and an MRI, both of which were denied by defendant Dr. Dominick McLain ("McLain") pending a focused evaluation.  (Id.; # 1, p. 4.)  On February 22, 2006, defendant Dr. Roger Edwards ("Edwards") performed a focused evaluation on Plaintiff's knee.  (Id. at p. 2, ¶ 7G.)  Edwards concluded that Plaintiff had adequate strength and mobility in the knee with no signs of effusion, swelling, discoloration, or instability.  (Id.; # 44, Exhibit 7, (Declaration of Roger Edwards), p. 1, ¶ 4.)   Thus, Edwards did not recommend that the Plaintiff be scheduled for an MRI at that time.  (Id. at p. 3, ¶ 7G; # 1, p. 4.)

On October 18, 2006, nearly eight months after being evaluated by Edwards, Plaintiff alleges that he filed an internal request for an administrative remedy regarding the denial of his MRI.  (# 1, p. 5.)  The request was denied on October 31, 2006; the denial stated that the Health Services at FCI-Beckley "saw no inclination for an MRI at [that] time."   (Id.)   Plaintiff then filed a formal grievance with defendant Charles Felts ("Felts"), Warden of FCI-Beckley, which requested that the Warden order that an MRI be

3

performed.  (Id. at p. 5; # 44, Exhibit 1, Attachment A.)  Felts denied that request, basing his conclusion on the treatment history and opinions of the Physician's Assistant and Edwards.  (Id.) Plaintiff appealed Felts' denial of the request to the Regional Director of the Bureau of Prisons for the Mid-Atlantic Region, defendant K. M. White ("White").  The appeal was denied by White. (# 44, Exhibit 1, Attachment B.)  On January 24, 2007, Plaintiff filed another appeal to the General Counsel of the Bureau of Prisons which was denied by defendant Harrell Watts, Administrator of National Inmate Appeals, on March 14, 2007.  (# 1, p. 6; # 44, Exhibit 1, Attachment C.)  Plaintiff alleges that Felts, White, and Watts were deliberately indifferent to his medical needs in denying his requests for an administrative remedy.  (# 1, p. 4-6.)

Defendants have produced evidence that, on December 28, 2006, while Plaintiff's grievance appeal process was ongoing, he again sought treatment from the medical services staff at FCI-Beckley on his left knee.  (# 44, Exhibit 2, p. 3, ¶ 7H.)  Plaintiff complained of pain in his knee and that it was popping out of place.  (Id.)  He was evaluated again by a Physician's Assistant on January 3, 2007.  (Id.)  The evaluation revealed a full range of motion in the knee, no swelling, and good joint stability; the conclusion was that an MRI was unnecessary.  (Id.)  Defendants contend that the Plaintiff stated he understood the evaluation, but did not agree with the treatment plan.  (Id.)

4

Plaintiff did not seek medical treatment for his knee again until July 10, 2007. (Id. at ¶ 7I.) Defendants have presented evidence that, between March 2007 and July 2007, Plaintiff was treated on at least ten other occasions for other medical complaints. (Id.) On July 23, 2007, Plaintiff was again evaluated by a Physician's Assistant who noted that "there was no swelling in the knee, but that the Plaintiff did have some laxity when pulling the knee anteriorly." (Id. at ¶ 7J.) An X-ray was then performed on July 26, 2007, which revealed "minimal osteoarthritis and slight narrowing of the medical compartment with no joint effusion, fracture, subluxation or osteochondritis." (Id.) Defendants assert that the impression of the radiologist was that the Plaintiff suffered from minimal osteoarthritis in his left knee. (Id.)

Defendants further contend that, in early August 2007, defendant Kevin Thompson, Medical Administrator at FCI-Beckley, observed Plaintiff limping and requested that McLain check the Plaintiff's knee. (# 44, Exhibit 3, (Declaration of Kevin Thompson), p. 1, ¶ 5.) On August 15, 2007, McLain examined Plaintiff's knee, observed some laxity in the collateral ligament, and authorized an MRI. (# 44, Exhibit 2, p. 3, ¶ 7K.) An MRI was conducted on September 11, 2007 which "revealed a tear in the posterior horn medial meniscus." (Id. at ¶ 7M.) An outside orthopedic specialist evaluated Plaintiff in October 2007 and

5

reached the conclusion that Plaintiff had "internal derangement in his left knee; a torn medial meniscus." (Id. at p. 4, ¶ 7N.) Plaintiff was thereafter scheduled for surgery, which he underwent in February 2008. (Id. at ¶ 7O.)

Plaintiff applied to proceed without prepayment of fees and costs (# 3), which was granted (# 5). Summonses were issued (# 11), and process was served on defendants Felts (# 14), Edwards (# 15), Thompson (# 16), McLain (# 17), White (# 19), and Watts (# 20). On November 9, 2007, Plaintiff filed a Motion for Summary Judgment (# 24) on the ground that Defendants failed to respond to his complaint. The undersigned subsequently discovered that service of process had not been made on the United States Attorney for the Southern District of West Virginia, or the Attorney General of the United States, as required by Rule 4(i) of the Federal Rules of Civil Procedure. Thus, on January 15, 2008, an Order was entered directing the Clerk to reissue the summonses to comply with Rule 4(i) (# 29). Summonses were reissued (# 30), and process was again served on Felts (# 36), Edwards (# 33), Thompson (# 35), McLain (# 34), White (# 31), Watts (# 32), Charles T. Miller, United States Attorney (# 37), and the Attorney General of the United States (# 38).

On March 18, 2008, Defendants filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment (# 43) and a Memorandum of Law in support thereof (# 44). On March 19, 2008,

the undersigned entered an Order, pursuant to the holding in Roseboro v. Garrsion, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of his right and obligation to file a response to Defendants' motion. (# 45).

On April 23, 2008, Plaintiff filed a response in objection to Defendants' Motion (# 50) and a Memorandum of Law in support thereof (# 51). The matter is ripe for determination.

### Standards of Review

*1. Motions to Dismiss*

The Supreme Court recently addressed the standard for evaluating a motion to dismiss in Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955 (2007). In Twombly, the Court observed that a motion to dismiss should be granted if, viewing the well-pleaded factual allegations in the complaint as true and in the light most favorable to the non-moving party, the complaint does not contain "enough facts to state a claim to relief that is plausible on its face." Id. at 1968-69 (explaining that the pleading standard set forth in Conley v. Gibson, 355 U.S. 41 (1957) whereby courts look to whether the plaintiff can prove "no set of facts" giving rise to a claim "has earned its retirement"). While the complaint need not assert "detailed factual allegations," it must contain "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." Id. at 1964-65.

In challenging jurisdiction, "a Rule 12(b)(1) motion may attack the complaint on its face asserting simply that the complaint 'fails to allege facts upon which subject matter jurisdiction can be based." GTE South Inc. v. Morrison, 957 F. Supp. 800 (E.D. Va. 1997). Additionally, "[on] a motion to dismiss for lack of jurisdiction, the Court is not constrained to consider only the allegations of the complaint, but may consider materials outside the pleadings.  Such materials may be considered without converting a Rule 12(b)(1) motion to a motion for summary judgment." Kansas City Life Ins. Co. v. Citicorp Acceptance Co., 721 F. Supp. 106 (S.D. W. Va. 1989) (citations omitted); see also Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999).  When it appears to the court, at the suggestion of one of the parties, that it does not have jurisdiction, dismissal is required. See Linville v. Price, 572 F. Supp. 345 (S.D. W. Va. 1983).

*2. Motions for Summary Judgment*

In evaluating summary judgment motions, Rule 56 of the Federal Rules of Civil Procedure provides:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

Fed. R. Civ. P. 56(c).  Material facts are those necessary to establish the elements of a party's cause of action. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

A genuine issue of material fact exists if, in viewing the record and all reasonable inferences drawn therefrom in a light most favorable to the non-moving party, a reasonable fact-finder could return a verdict for the non-movant. Id.  The moving party has the burden of establishing that there is an absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986).  Even if there is no dispute as to the evidentiary facts, summary judgment is also not appropriate where the ultimate factual conclusions to be drawn are in dispute. Overstreet v. Kentucky Cent. Life Ins. Co., 950 F.2d 931, 937 (4th Cir. 1991).

If the moving party meets this burden, then the non-movant must set forth specific facts as would be admissible in evidence that demonstrate the existence of a genuine issue of fact for trial.  Fed. R. Civ. P. 56(c); Id. at 322-23.

> [The] adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

A court must neither resolve disputed facts nor weigh the evidence, Russell v. Microdyne Corp., 65 F.3d 1229, 1239 (4th Cir. 1995), nor make determinations of credibility. Sosebee v. Murphy, 797 F.2d 179, 182 (4th Cir. 1986).  Rather, the party opposing the

motion is entitled to have his or her version of the facts accepted as true and, moreover, to have all internal conflicts resolved in his or her favor. Charbonnages de France v. Smith, 597 F.2d 406, 414 (4th Cir. 1979). Inferences that are "drawn from the underlying facts . . . must be viewed in the light most favorable to the party opposing the motion." United States v. Diebold, Inc., 369 U.S. 654, 655 (1962).

**Discussion**

Plaintiff argues that defendants Edwards and McLain failed to provide him adequate medical treatment, and, therefore, committed the tort of negligence under West Virginia law, and, thus, Plaintiff is entitled to relief under the FTCA. Furthermore, Plaintiff claims that McLain's and Edwards' failure to provide such medical treatment violated his Eighth Amendment rights, which should accord him relief under Bivens. Additionally, he alleges Bivens-type claims against Felts, White, Watts, and Thompson for being deliberately indifferent to his medical needs.

In their Motion to Dismiss, or in the alternative, Motion for Summary Judgment and the accompanying Memorandum of Law, Defendants argue that Plaintiff has failed to state any claims upon which relief can be granted. Defendants McLain and Edwards contend that Plaintiff's claims under the FTCA are barred because Plaintiff failed to file an administrative tort claim with the Bureau of Prisons, as required by statute. Furthermore, the defendants

10

assert that Plaintiff has failed to allege facts that would constitute a claim under <u>Bivens</u>, and, therefore, his claims should be dismissed, or in the alternative, summary judgment should be granted in favor of the defendants.

*1. FTCA Claim*

The FTCA creates a limited waiver of sovereign immunity so that the United States may be liable for a tort "in the same manner and to the same extent as a private individual under like circumstances" under the law of the state in which the conduct occurred. <u>Baum v. United States</u>, 986 F.2d. 716, 719 (4th Cir. 1993) (quoting 28 U.S.C. § 2674). It provides the exclusive remedy for tort actions again the federal government by federal inmates alleging personal injuries sustained while incarcerated because of the negligence of government employees. <u>Melgar-Garcia v. United States</u>, 2008 WL 2310957 (M.D. Pa., June 3, 2008) (citing <u>United States v. Muniz</u>, 374 U.S. 150 (1963)). In order to file a claim under the FTCA, a claimant must first present his claim to the appropriate federal agency. <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993). The FTCA states that:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a). Presenting an administrative tort claim to the appropriate federal agency is a jurisdictional requirement and cannot be waived. McNeil, 508 U.S. at 106; Plyler v. United States, 900 F.2d 41, 42 (4th Cir. 1990). Moreover, a tort claim is "forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." 28 U.S.C. § 2401(b). Generally, an FTCA claim accrues "at the time of the plaintiff's injury." United States v. Kubrick, 444 U.S. 111, 120 (1979).

In the instant case, Plaintiff failed to file an administrative tort claim with the Federal Bureau of Prisons before initiating the current action. Thus, Defendants assert that the Court lacks jurisdiction to proceed with the FTCA claims presented in the Complaint. (# 44 at 4-5.)

Plaintiff's response to Defendants' motion asserts that he satisfied the exhaustion requirement when he completed the administrative remedy process. (# 51 at 1.) However, the exhaustion of administrative remedies is a separate process that will not satisfy the requirement of filing an administrative tort claim under the FTCA. See 28 C.F.R. § 542.12(b)("Requests or Appeals will not be accepted under the Administrative Remedy Program for claims for which other administrative procedures have been established, including tort claims . . . ."); 28 C.F.R. § 541.10 (setting out procedure for inmate grievances); 28 C.F.R. §

541.31 (setting out administrative procedure for raising tort claim); Hudson v. Spence, 2008 WL 2628437 (W.D. Wisc., Mar. 4, 2008); Murphy v. Inmate Sys. Management, Inc., 2008 WL 793631 *6 (S.D. W. Va., Mar. 20, 2008)(Faber, J.).

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff failed to file an administrative tort claim prior to initiating this civil action and, thus, the court lacks jurisdiction over his FTCA claims against defendants McLain and Edwards.[1]

### 2. Bivens Claims

Plaintiff's Complaint also asserts that all of the defendants were deliberately indifferent to his serious medical need and, thus, violated his Eighth Amendment rights. Defendants' motion asserts that Plaintiff's Complaint fails to state a claim upon which relief can be granted against any of the defendants.[2] Because the undersigned finds it necessary to rely upon information outside the four corners of the Complaint, the undersigned will treat Defendants' motion as one for summary judgment, and will address the liability of each defendant under that standard of review. See Jeffers v. Wal-Mart Stores, Inc., 84 F. Supp.2d 775,

---

[1] In light of this proposed ruling, the undersigned finds it unnecessary to address Plaintiff's other grounds for dismissal of Plaintiff's FTCA claims.

[2] Defendants' motion and memorandum of law assert several arguments why the Complaint fails to state a claim against them. The undersigned will address those arguments as necessary.

777 (S.D. W. Va. 2000). Plaintiff was advised of his right and obligation to respond to Defendants' motion, as required under Roseboro, supra.

To state a claim under the Eighth Amendment for inadequate medical care, a plaintiff must show that the defendants acted with deliberate indifference to his serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). For the purpose of this motion, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's knee injury is a serious medical need.

In establishing that a health care provider's action constituted deliberate indifference to a serious medical need, a plaintiff must demonstrate that "'the treatment, [or lack thereof], [was] so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness.'" America v. Trent, 2008 WL 2434196 (N.D. W. Va., June 16, 2008) (quoting Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990)). A disagreement between an inmate and the prison's medical staff as to the inmate's diagnosis or course of treatment does not support a claim under the Eighth Amendment. Lewis v. Angelone, 926 F. Supp. 69, 73 (W.D. Va. 1996). "Questions of medical treatment are not subject to judicial review." Id. A negligent medical diagnosis or course of treatment does not constitute deliberate indifference. Estelle, 429 U.S. at 105-106.

14

Plaintiff alleges that defendants McLain and Edwards acted with deliberate indifference in failing to properly treat his knee. Defendants assert that Plaintiff has failed to demonstrate that McLain and Edwards committed a constitutional violation.

Plaintiff's initial evaluation at FCI-Beckley by a Physician's Assistant revealed no signs of injury in his knee. Nevertheless, at the direction of McLain, Plaintiff received a focused evaluation by Edwards who reached the same diagnosis. Subsequently, each time Plaintiff complained of pain in his knee, Plaintiff was evaluated by medical personnel, either a Physician's Assistant or Edwards, and treated accordingly. Defendants have presented evidence that Plaintiff understood his diagnosis, although they admit that Plaintiff believed he needed an MRI. Plaintiff's mere disagreement over the type of treatment he should have been given does not amount to an Eighth Amendment violation.

Similarly, even if McLain and Edwards mis-diagnosed Plaintiff's need for an MRI, the mis-diagnosis is not sufficient to sustain a constitutional violation. The evidence presented reveals McLain and Edwards made extensive efforts to diagnose and treat Plaintiff's knee when Plaintiff complained of pain.

Thus, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has failed to present any evidence to refute that defendants McLain and Edwards did not act with deliberate indifference to Plaintiff's serious medical need, and

that these defendants are entitled to judgment as a matter of law on Plaintiff's <u>Bivens</u> claims against them.

With regard to defendants Felts, White, and Watts, Plaintiff alleges they acted with deliberate indifference in denying his request for an administrative remedy. The Fourth Circuit has held that a medical treatment claim cannot be initiated against non-medical personnel unless they were personally involved in a denial of treatment, deliberately interfered with treatment, or tacitly authorized or were indifferent to a prison physician's conduct. <u>Lewis</u>, 926 F. Supp. at 73. In addition, non-medical prison personnel may rely on the opinion of the medical staff as to the proper course of treatment. <u>Id</u>.

Plaintiff claims that his constitutional right to medical treatment was violated when Felts, White, Watts, and Thompson failed to intervene in ordering an MRI. Plaintiff, however, has failed to refute that Felts, White, and Watts relied on the medical opinions of the prison's medical professionals who evaluated him. The evidence presented establishes that Felts, White, and Watts denied Plaintiff's appeals based upon the medical determination of the prison's medical staff. Plaintiff has failed to allege or present any evidence that these defendants were personally involved in Plaintiff's treatment, other than denying his request for an administrative remedy. Accordingly, they cannot be held liable for a constitutional tort when their administrative decisions were

16

based on the diagnoses of medical professionals.  See Acosta v. Watts, 2008 WL 2405875 *2 (11th Cir., June 16, 2008) (Affirming dismissal of Administrator of National Inmate Appeals who denied inmate's administrative appeal and request for surgery based upon medical professional's opinion that surgery was not necessary).

The undersigned proposes that the presiding District Judge **FIND** that Plaintiff has failed to present any genuine issue of material fact concerning the liability of defendants Felts, White, and Watts and that these defendants are entitled to judgment as a matter of law on Plaintiff's Bivens claims.

The crux of the Plaintiff's claim against defendant Thompson is that, as Medical Administrator, he failed to intervene and order an MRI.  Plaintiff cannot establish supervisory liability merely by alleging that a defendant failed to act when a subordinate employee was deliberately indifferent.  Miltier v. Beorn, 896 F.2d 848, 853 (4th Cir. 1990).  Rather, he must show that a supervisor's inaction amounts to deliberate indifference.  Id.  Plaintiff has failed to allege any facts or present evidence demonstrating that Thompson's inaction rises to the level of deliberate indifference.  In fact, his Complaint fails to allege any specific involvement by Thompson at all.  Therefore, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Bivens claim against Thompson is without merit, and that Thompson is entitled to judgment as a matter of law on that claim.

### *3. Request for Injunctive Relief*

Plaintiff's Complaint requests that this Court issue an injunction ordering defendants McLain and Edwards, or their agents, to immediately arrange for Plaintiff to have an MRI on his knee and arrange for surgery and physical therapy on his knee. (# 1 at 9.) Even if Plaintiff could establish any liability on the part of any of the defendants, Plaintiff has already obtained the MRI and had surgery on his knee. Thus, this request for injunctive relief is now moot.

### *4. Plaintiff's Motion for Summary Judgment*

On November 9, 2007, Plaintiff filed a Motion for Summary Judgment, asserting that Defendants had failed to respond to his Complaint, that there were no genuine issues of material fact in dispute, and he was entitled to judgment as a matter of law. (# 24). This motion was filed prior to the discovery by the court of the error in service of process. The summonses were subsequently re-issued and service of process was properly completed. Defendants thereafter filed their Motion to Dismiss, or in the alternative, Motion for Summary Judgment in the time period afforded for responding to the Complaint. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff's Motion for Summary Judgment lacks merit.

**Recommendation**

For the reasons stated herein, the undersigned proposes that the president District Judge **FIND** that the court lacks subject matter jurisdiction over Plaintiff's FTCA claims, and that Plaintiff has failed to demonstrate a genuine issue of material fact with regard to his <u>Bivens</u> claims, and that the defendants are entitled to judgment as a matter of law on those claims. Therefore, it is respectfully **RECOMMENDED** that the president District Judge **GRANT** defendants McLain's and Edwards' Motion to Dismiss with respect to Plaintiff's FTCA claims (# 43-1), **GRANT** Defendants' Motion for Summary Judgment on Plaintiff's <u>Bivens</u> claims (# 43-2), and **DENY** Plaintiff's Motion for Summary Judgment. (# 24).

The parties are notified that this Proposed Finding and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Thomas E. Johnston, United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), the Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have ten day (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of

this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waive of <u>de</u> <u>novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Synder v. Ridenour</u>, 889 F.2d. 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d. 841 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, Judge Johnston and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Plaintiff and counsel of record.

    August 5, 2008
          Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge