IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ANDREW JAVIER SANCHEZ,

          Plaintiff,

v.                                        CIVIL ACTION NO.  5:07-cv-00355

CHARLES FELTS, et al.,

          Defendants

**ORDER**

Pending before the Court is Plaintiff's Objections [Docket 59] to the proposed findings and recommendation (PF&R).  Plaintiff filed the instant action on June 4, 2007, and pursuant to the Standing Order [Docket 4] entered on August 1, 2006, and filed in this case on June 5, 2007, the case was referred to United States Magistrate Judge Mary E. Stanley for entry of a PF&R.  In the PF&R, Magistrate Judge Stanley construed Plaintiff's complaint as alleging a claim for negligence under the Federal Tort Claims Act (FTCA) and a claim under the Eighth Amendment pursuant to *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971).  The magistrate judge then recommended that the Court dismiss Plaintiff's FTCA claim for lack of subject matter jurisdiction and grant summary judgment to Defendants on the *Bivens* claim.  In his objections to the PF&R, Plaintiff asserts that he could show the existence of a genuine issue of material fact to avoid summary judgment on his *Bivens* claim if he is provided full access to his medical records.  However, he claims that "the Medical Records that show that [P]laintiff was seen by an orthopedic

specialist at FCI Three Rivers are missing . . . and have been deliberately removed or destroyed." (Docket 59 at 7.) Thus, by this language, Plaintiff appears to seek discovery of those records.

Although lawsuits brought by pro se inmates are exempt from the initial disclosure requirements of Rule 26(a), s*ee* Fed. R. Civ. P. 26(a)(1)(B)(iv), the rules expressly provide that "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1). Because the contents of those records may be relevant to the Court's evaluation of Defendants' summary judgment motion, the records fall under the purview of Rule 26. Accordingly, for good cause shown, Defendants are **ORDERED** to produce to the Court for *in camera* review, within **30 days** from entry of this Order:

(1) Any and all of Plaintiff's medical records related to his knee injury during the time he was incarcerated at FCI Three Rivers;

(2) Any and all records regarding the reason for Plaintiff's transfer from FCI Three Rivers to FCI Beckley; and

(3) Any additional records relevant to the instant action.

If, upon review of the records, the Court determines that they contain evidence relevant to Plaintiff's *Bivens* claim, the Court will notify Defendants at that time what, if any, records are to be forwarded to Plaintiff.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 13, 2009

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE