## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

ANDRES JAVIER SANCHEZ,

                    Plaintiff,

v.                                                                   CIVIL ACTION NO.  5:07-cv-00355

CHARLES FELTS, et al.,

                    Defendants

### MEMORANDUM OPINION AND ORDER

Pending before the Court are Plaintiff's Motion for Summary Judgment [Docket 24] and

Defendants' Motion to Dismiss or in the Alternative Motion for Summary Judgment [Docket 43].

By Standing Order entered on August 1, 2006, and filed in this case on June 5, 2007, this action was

referred to United States Magistrate Judge Mary E. Stanley for submission of proposed findings and

a recommendation (PF&R).  Magistrate Judge Stanley filed her PF&R [Docket 52] on August 5,

2008, recommending that this Court **FIND** that it lacks jurisdiction over Plaintiff's Federal Tort

Claims Act (FTCA) claim, **GRANT** the motion to dismiss the FTCA claim against to Defendants

Dr. Dominick McLain and Dr. Roger Edwards, **GRANT** Defendants' motion for summary judgment

as to Plaintiff's *Bivens* claims against all Defendants, and **DENY** Plaintiff's motion for summary

judgment.

### *I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY*

The full factual background and procedural history is set forth in the PF&R.  Relevant to this Court's review, Plaintiff alleges that he injured his knee on June 29, 2005, while incarcerated at the Federal Correctional Institution (FCI) Three Rivers in Three Rivers, Texas.  (Docket 1 ¶ 11.) Plaintiff further alleges that he was treated at a local hospital where his treating physician recommended an examination by an orthopedic specialist.  (*Id.* ¶ 12.)  According to a note contained in Plaintiff's Bureau of Prisons (BOP) medical records dated July 6, 2005, a member of the medical staff at FCI Three Rivers indicated that Plaintiff was seen by an orthopedic specialist who recommended an MRI on Plaintiff's left knee.[1]  (BOP Records at 33.)

Also included in Plaintiff's medical records is a Radiologic Consultation Request/Report indicating that Plaintiff was examined on July 1, 2005, regarding his left knee injury.  (*Id.* at 56.) That report, which was completed on July 8, 2005, signed by Marvin S. Belasco, M.D., and signed and stamped by clinical consultant G. Roffers, D.O., on August 23, 2005, notes as the reason for the report: "History of injury to L knee.  Was sent to ER who recommended to be seen by Orth.  For Ortho FU." (*Id.*)  The report further states: "AP and lateral views of the left knee show no evidence of fracture, dislocation, pathology, or abnormalities.  The bones and joint spaces have a normal appearance.  No radiopaque foreign bodies are identified." (*Id.*)  Thus, the report conludes: "Normal left knee." (*Id.*)

---

[1]  As discussed *infra*, the Court previously ordered the BOP to submit Plaintiff's medical records from FCI Three Rivers for in camera review.  The Court received the records on June 17, 2009. Although the records are not yet filed, the Court will rely on the information contained therein and cite to them using the Bates numbers provided by the BOP.

On July 28, 2005, Plaintiff filed another report complaining of pain in his left knee.  The

report, which was completed by L. Bullard, CNP, AHSA, states that Plaintiff had been experiencing

left knee pain and that there was an "MRI awaiting."  (*Id.* at 29.)  The report also included a note

reading "change to care level 2."  (*Id.*)  On October 3, 2005, Plaintiff again complained of left knee

pain, indicating that his knee caps were locking up.  (*Id.* at 13.)  However, the attending medical

personnel, A. Sanchez, MLP, merely noted that Plaintiff experienced "[c]hronic [left] knee pain."

(*Id.*)

On December 21, 2005, the BOP ordered that Plaintiff be transferred from FCI Three Rivers

to FCI Beckley in Beckley, West Virginia.  (*Id.* at 58.)  In the transfer order, the BOP listed the

reason for the transfer as "Unstable Complex Chronic Care (2)," (*id.*), and documented the transfer

code as 339, which indicates:

> **INCREASE IN MEDICAL CARE LEVEL:** Transfer used when there has been an
> increase in the inmate's medical care level and inmate is being transferred for the
> sole purpose of requiring increased medical resources.  This code is to be used when
> the transfer occurs between non-MRC institutions and when there is an increase from
> the CARE assignments 1 and 2 only.

(*Id.* at 60.)

Upon his arrival at FCI Beckley, which is a Care Level 2 facility, Plaintiff indicated at his

intake screening on January 26, 2006, a high level of pain from his knee injury.  (*Id.* at 3.)  On

February 9, 2006, Plaintiff completed a "sick call" slip complaining about his knee pain.  (Docket

43-3 at 3.)  He was evaluated on February 13, 2006, by a physician's assistant (PA), who indicated

that there was no swelling and that Plaintiff had a full range of motion in the knee.  (*Id.*)

Nevertheless, the PA requested a consultation with a specialist and an MRI.  (*Id.*)  Defendant

McLain, the Clinical Director at FCI Beckley, then ordered a focused evaluation.  (*Id.*)  Defendant

Edwards completed the evaluation on February 22, 2006, noting that Plaintiff was scheduled for an MRI at FCI Three Rivers but never received it, and indicating that Plaintiff had "adequate knee strength and mobility with no signs of effusion, swelling, discoloration, or instability." (*Id.* at 3–4.)

Plaintiff alleges that on October 18, 2006, he filed an internal request for administrative remedy requesting an MRI, and a formal request for administrative remedy asking Defendant Charles T. Felts, Warden of FCI Beckley, to direct the medical personnel at FCI Beckley to perform the MRI. (Docket 1 ¶ 19–20.) Those requests were denied on October 31, and November 16, 2006, respectively. (*Id.*) Plaintiff appealed Warden Felts' decision to the Regional Director for the BOP for the Mid-Atlantic Region, Defendant K. M. White, on November 29, 2006. (*Id.* at 21.) That appeal was denied on January 17, 2007. (*Id.*) On January 24, 2007, Plaintiff filed another appeal, this time to Defendant Harold Watts, Administrator of National Inmate Appeals for the General Counsel of the BOP. (*Id.* at 22.) That appeal was denied as well. (*Id.*)

On December 28, 2006, while Plaintiff's appeal process was ongoing, he again complained to medical staff at FCI Beckley that his knee was popping out of place. (Docket 43-3 at 4.) He was examined by a PA on January 3, 2007, and was determined to have "full range of motion in the left knee, no swelling, and good joint stability," and told that an MRI was unnecessary. (*Id.*) Plaintiff lodged his next complaint regarding his knee on July 10, 2007, when he alleged that the pain had worsened. (*Id.*) Upon examination on July 23, 2007, the PA determined that "there was no swelling, but that Plaintiff did have some laxity when pulling the knee anteriorly," and ordered an x-ray. (*Id.*) The x-ray revealed "minimal osteoarthritis and slight narrowing of the medical compartment with no joint effusion, fracture, subluxation or osteochondritis." (*Id.*) Based on this

4

report, a radiologist opined that Plaintiff suffered from "minimal osteoarthritis in the left knee." (*Id.*)

On August 15, 2007, Plaintiff was examined by Dr. McLain, who observed "some laxity of the collateral ligament," and authorized an MRI. (*Id.*) The MRI was completed on September 11, 2007, and "revealed a tear in [Plaintiff's] posterior horn medial meniscus." (*Id.*) Plaintiff then consulted with an orthopedic specialist in October 2007. (*Id.* at 5.) The specialist determined that Plaintiff had "internal derangement of the left knee; torn medial meniscus," and recommended surgery. (*Id.*) The surgery was approved and subsequently performed on Plaintiff in February 2008. (*Id.*)

Plaintiff filed the instant lawsuit on June 4, 2007, alleging a claim of negligence and a claim of deliberate indifference against Defendants Felts, McLain, White, Watts, Edwards, and Kevin Thompson, Medical Administrator at FCI Beckley, seeking a declaratory judgment that Defendants were deliberately indifferent in failing to provide adequate medical care, as well as compensatory and punitive damages, and an injunction requiring Defendants to perform an MRI and surgery on Plaintiff.[2] (Docket 1.) Although summonses were issued and process was served on Defendants in September 2007, service was not made on the United States Attorney for the Southern District of West Virginia or the Attorney General of the United States. Thus, service was not perfected until the summonses were re-issued and properly executed in January 2008.

On March 18, 2008, Defendants filed a Motion to Dismiss, or in the alternative, Motion for Summary Judgment [Docket 43]. Plaintiff filed his Response [Docket 50] on April 23, 2008, and

---

[2] As will be discussed more fully below, Magistrate Judge Stanley recommended that the Court construe Plaintiff's negligence claim as brought under the FTCA, 28 U.S.C. § 2671 *et seq.*, and Plaintiff's deliberate indifference claim as brought under *Bivens v. Six Unknown Fed. Narcotics Agents*, 403 U.S. 388 (1971). (Docket 52 at 2.) Because Plaintiff has subsequently received an MRI and surgery, his claim for injunctive relief is now moot.

Magistrate Judge Stanley filed her PF&R [Docket 52] on August 5, 2008.  Having received no

objections to the PF&R, the Court adopted the PF&R and dismissed the case on September 16, 2008.

However, on September 23, 2008, the Court received Plaintiff's Objections [Docket 59], which had

been timely filed pursuant to the "prison mailbox rule."  (Docket 69 at 2.)  Thus, the Court granted

Plaintiff's Motion to Alter or Amend and for Relief from Judgment [Docket 60], vacated its previous

memorandum opinion and judgment order, and reopened the case.

Upon review of Plaintiff's objections, and more specifically upon consideration of Plaintiff's

claim that he could show a genuine issue of material fact to avoid summary judgment on his claim

of deliberate indifference under *Bivens* if given access to his medical records from FCI Three Rivers,

the Court ordered Defendants to produce Plaintiff's medical records from FCI Three Rivers, records

regarding Plaintiff's transfer from FCI Three Rivers to FCI Beckley, and any other records relevant

to this action.  (Docket 75.)  By letter dated June 12, 2009, Defendants submitted those records to

the Court for in camera review.  Thus, the Court **ORDERS** that those records be filed under seal,

and **DIRECTS** the Clerk to forward a copy of the records to Plaintiff.  The Court having received

and reviewed the records, the summary judgment motions are now ripe for consideration.

## II. STANDARD OF REVIEW

The Court is not required to review, under a de novo or any other standard, the factual or

legal conclusions of the magistrate judge as to those portions of the findings or recommendation to

which no objections are addressed.  *Thomas v. Arn*, 474 U.S. 140, 150 (1985).  Failure to file timely

objections constitutes a waiver of de novo review and the Petitioner's right to appeal this Court's

Order.  28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir.1989);

*United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  In addition, this Court need not conduct

a de novo review when a party "makes general and conclusory objections that do not direct the Court

to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v.*

*Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

### III.  ANALYSIS

In his Objections [Docket 59], Plaintiff lodges three complaints regarding the PF&R.  First,

he objects to the magistrate judge's recommendation that his FTCA claim be dismissed for failure

to exhaust administrative remedies.  Next, Plaintiff objects to the recommendation that summary

judgment be granted to Defendants Felts, White, and Watts on Plaintiff's *Bivens* claim.  Finally,

Plaintiff objects to the proposed finding that he failed to present evidence in support of his deliberate

indifference claim under *Bivens* against Defendants McLain and Edwards.  Thus, the Court will

review those portions of the PF&R de novo and will **ADOPT** those portions of the PF&R to which

no objections are addressed.

### A.      Dismissal of FTCA Claim

Although Plaintiff objects to the dismissal of his FTCA claim, he does not dispute Magistrate

Judge Stanley's finding that he failed to satisfy the FTCA's jurisdictional requirement by filing an

administrative tort claim with the BOP.   Rather, Plaintiff submits that he exhausted his

administrative remedies within the BOP and that BOP staff failed to advise him of the separate

FTCA requirement, thus excusing him from the statutory precondition.  As the magistrate judge

correctly noted, the exhaustion requirements for administrative remedies through the BOP's inmate

grievance system differ from the exhaustion requirements for filing a claim under the FTCA.

*Compare* 28 C.F.R. §§ 543.30–.32 (setting out FTCA claim procedure), *with* 28 C.F.R. § 542.10

(setting out BOP grievance procedure); *see also Lambert v. United States*, 198 F. App'x 835, 840

(11th Cir. 2006) (unpublished) (noting difference); *Hudson v. Spence*, No. 07-cv-355-bbc, 2008 WL 2628437, \*1 (W.D. Wisc. March 4, 2008) (same).   Thus, Plaintiff's exhaustion of his BOP administrative remedies is no substitute for the proper exhaustion of his FTCA claim.

In support of his objection, Plaintiff contends that BOP staff did not direct him to the proper statutory procedures for exhausting his FTCA claim once his BOP grievance was denied on appeal. However, this argument—and any alleged misconduct by the BOP—is inapposite.   The Supreme Court has required strict adherence to the FTCA's exhaustion requirement, regardless of a plaintiff's pro se status or other potential mistakes made during the course of litigation.   *See McNeil v. United States*, 508 U.S. 106, 113 (1993).   Because the statutory text is clear that "[a]n action shall not be instituted upon a claim [under the FTCA], unless the claimant shall have first presented the claim to the appropriate Federal agency," 28 U.S.C. § 2675(a), failure to abide by that directive deprives federal courts of jurisdiction.   *McNeil*, 508 U.S. at 113.   Here, regardless of any act or omission by the BOP in allegedly failing to inform Plaintiff of the proper statutory procedures, Plaintiff concedes that he did not file an administrative tort claim as required by the FTCA.   (*Cf.* Docket 59 at 3.) Therefore, as the magistrate judge correctly found, the Court is without jurisdiction to decide Plaintiff's FTCA claim, and Plaintiff's objection as to that issue is accordingly **OVERRULED**.

> *B.*     Bivens *Claim Against Defendants Felts, White, and Watts*

Plaintiff next contests Magistrate Judge Stanley's finding that Plaintiff failed to present evidence to create a genuine issue of material fact as to the liability of Defendants Felts, White, and Watts.   Specifically, the magistrate judge, citing *Lewis v. Angelone*, 926 F. Supp. 69, 73 (W.D. Va. 1996), found that claims related to medical treatment cannot be maintained against non-medical personnel "unless they were personally involved in a denial of treatment, deliberately interfered with

treatment, or tacitly authorized or were indifferent to a prison physician's conduct." However, Plaintiff insists that "[s]imply stating that the defendants were not personally involved in the decision to deny plaintiff proper medical treatment does not prove anything." (Docket 59 at 11.) He further maintains that Defendants "have failed to provide any evidence to show they were not involved in the denial of proper medical treatment," (*id.*), and that it is Plaintiff's "stance that when a document is signed by a [sic] individual this person is taking responsibility for the material contained in such document." (*Id.* at 10.) Plaintiff cites no law in support of his contentions.

The Fourth Circuit has held that "[s]upervisory liability based upon constitutional violations inflicted by subordinates is based . . . upon a recognition that supervisory indifference or tacit authorization of subordinate misconduct may be a direct cause of constitutional injury." *Miltier v. Beorn*, 896 F.2d 848, 854 (4th Cir. 1990). In other words, a supervisor must engage in some form of conduct to evince his or her own deliberate indifference, rather than be held liable merely because a subordinate was deliberately indifferent. For example, in the medical context, prison officials should be "entitled to rely upon their health care providers' expertise." *Id.* To attach liability for such reliance would be to charge prison officials not only with ensuring that medical care is adequately provided, but also with ascertaining that the care is in accordance with generally accepted medical standards—a responsibility far outside the BOP officials' area of expertise. *See id.*

Here, the evidence in the record shows that Defendants Felts, White, and Watts relied on the medical opinions of the prison doctors to deny Plaintiff's administrative claims. Plaintiff does not dispute that reliance. Rather, Plaintiff would charge Defendants Felts, White, and Watts with reviewing the accuracy of those medical opinions, something the Fourth Circuit has declined to do.

To the extent that Plaintiff argues that Defendants have failed to come forward with evidence that Felts, White, and Watts were not directly involved in his medical treatment, Plaintiff misstates the applicable standard. Where, as here, the moving party has shown "that there is an absence of evidence to support the nonmoving party's case," *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986), the burden shifts to the nonmoving party to show that there is a genuine issue of material fact for trial. Fed. R. Civ. P. 56(e). Viewing the evidence in the light most favorable to Plaintiff, there is simply *no* evidence in the record to show that Defendants Felts, White, and Watts were directly involved with Plaintiff's medical treatment such that they may be held liable for deliberate indifference. Accordingly, Plaintiff's objection on this issue is likewise **OVERRULED**.

   *C.*  Bivens *Claim Against Defendants McLain and Edwards*

Plaintiff's final objection to the PF&R is addressed to the proposed finding that Plaintiff "failed to present any evidence to refute that [D]efendants McLain and Edwards did not act with deliberate indifference to Plaintiff's serious medical need." (Docket 52 at 15.) Specifically, Plaintiff contends that "[i]t would be completely unneccesary [sic] to transfer an inmate over 1000 miles . . . unless there is a legitimate medical condition that requires proper treatment and care." (Docket 59 at 8.) Plaintiff further alleges that although his medical records from FCI Three Rivers were unavailable, the evidence contained therein would show that he was transferred based on this medical need. (*Id.* at 7.)

To ascertain the validity of Plaintiff's claims, the Court ordered the BOP to produce Plaintiff's medical records from FCI Three Rivers. Based on those records, there may be at least an inference raised that the medical providers at FCI Beckley mismanaged Plaintiff's case. The evidence clearly shows that Plaintiff's knee problems began while he was at FCI Three Rivers. For

10

example, the medical report from July 28, 2005, indicated that there was an MRI awaiting and requested that Plaintiff be changed to Care Level 2. Further, the transfer order filed on December 21, 2005, indicated that the transfer was based on an increase in Plaintiff's medical care level. However, Plaintiff did not receive an MRI until September 11, 2007, nearly two years after his transfer, despite numerous complaints and medical screenings. Thus, it could possibly be inferred that despite Plaintiff's being transferred for the sole purpose of increased care for his knee, he was denied proper care by the medical staff at FCI Beckley for nearly two years.

Even if this evidence were to give rise to an inference of mismanaged medical care, whether Plaintiff has met his heavy burden in showing that Defendants McLain and Edwards were deliberately indifferent to his serious medical need is another issue. This issue, when considered in light of the recent submission of Plaintiff's records from FCI Three Rivers, requires further briefing. Accordingly, the Court will take this objection under advisement until such briefing has been completed.

## IV. CONCLUSION

Based on the foregoing, Plaintiff's Objections [Docket 59] regarding his FTCA claim and his *Bivens* claim against Defendants Felts, White, and Watts are **OVERRULED**. Further, the Court **ADOPTS** the recommendations contained in the PF&R except as to Plaintiff's *Bivens* claim against Defendants McLain and Edwards, **GRANTS** Defendants' Motion to Dismiss [Docket 43] as to Plaintiff's FTCA Claim, **GRANTS** Defendants' Motion for Summary Judgment [Docket 43] as to Plaintiff's *Bivens* claim against Defendants Felts, White, Watts, and Thompson, and **DENIES** Plaintiff's Motion for Summary Judgment [Docket 24]. The parties are hereby **DIRECTED** to submit additional briefing on the issue of whether, in light of the recently filed medical records from

FCI Three Rivers, Defendants McLain and Edwards were deliberately indifferent to Plaintiff's serious medical needs.  Additional briefing by Defendants will be due by **July 31, 2009,** with responsive memoranda by Plaintiff due by **August 14, 2009,** and replies due by **August 25, 2009.** A separate Judgment Order will enter this day implementing the rulings contained herein.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER:       July 8, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE